United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-12709-elf |
| Rosemarie A Drydgen | Chapter 13 |
|     Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 02, 2022 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 04, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Rosemarie A Drydgen, 1405 E. Washington Lane, Philadelphia, PA 19138-1130 |
| cr | + | US Bank Trust National Association, Not In Its Ind, c/o McCalla Raymer Leibert Pierce, LLC, Bankruptcy Department, 1544 Old Alabama Road, Roswell, GA 30076-2102 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bnc@atlasacq.com | Feb 03 2022 09:30:00 | Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck, NJ 07666 |
| cr | Email/PDF: resurgentbknotifications@resurgent.com | Feb 03 2022 09:35:33 | CACH, LLC, c/o Resurgent Capital Services, PO Box 10675, Greenville, SC 29603-0675 |

TOTAL: 2

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 04, 2022            Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 2, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Rosemarie A Drydgen dmo160west@gmail.com davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| DENISE ELIZABETH CARLON | |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Feb 02, 2022 | Form ID: pdf900 | Total Noticed: 4 |

on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkgroup@kmllawgroup.com

KENNETH E. WEST

ecfemails@ph13trustee.com

KENNETH E. WEST

on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com

REBECCA ANN SOLARZ

on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Rosemarie A. Drydgen<br><br>　　　　　　Debtor<br><br>US Bank Trust National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust<br>　　　　　　Movant<br>　vs.<br><br>Rosemarie A. Drydgen<br>　　　　　　Debtor<br><br>Melba B. Binns<br>　　　　　　Co-Debtor<br><br>Kenneth E. West, Esquire<br>　　　　　　Trustee | CHAPTER 13<br><br><br>NO. 21-12709 ELF<br><br><br><br>11 U.S.C. Section 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,925.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2021 to January 2022 at $721.77/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$3,925.08** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

　　a) Debtor shall submit a substantially complete loss mitigation application by January 31, 2022.

　　b) Debtor shall obtain a trial modification by February 28, 2022.

　　c) Debtor shall obtain a permanent modification by July 1, 2022.

3. Additionally, beginning on February 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:    January 14, 2022    By: /s/ Rebecca A. Solarz, Esquire
   Attorney for Movant

Date: *January 21, 2022*    /s/ David M. Offen, Esquire
   David M. Offen, Esquire
   Attorney for Debtor

Date: *January 31, 2022*    /s/ LeRoy W. Etheridge, Esquire, for*
   Kenneth E. West, Esquire
   Chapter 13 Trustee

*No objection to its terms, without prejudice to any of our rights and remedies

**ORDER**

Approved by the Court this  2nd  day of  February , 2022. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**